UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No._____–Civ–_____/_____

KAREN EASON, as mother and
next friend of A.E., a minor,

     Plaintiff,

vs.

CARNIVAL CORPORATION,

     Defendant.

_____/

## COMPLAINT

Plaintiff, Karen Eason, as mother and next friend of A.E., a minor, sues Defendant, Carnival Corporation, and alleges:

## A. Summary of Case

1. This is a personal-injury/negligence case brought by a cruise-ship passenger against a cruise line as a result of a chlorine-gas poisoning incident at one of the ship's swimming pools.

2. Because the injured passenger, "A.E.," is a minor (age 10 in January 2024), this suit is brought on her behalf by her mother, Karen Eason, as her next friend.[1]

3. In this Complaint, A.E. is referred to by her initials rather than her name because Rule 5.2(a)(3) of the Federal Rules of Civil Procedure requires that minors be referred to by their initials in documents filed with the court.

## B. Basis for Jurisdiction and Venue

4. This case falls within the Court's diversity-of-citizenship jurisdiction because:

    (a)    The Plaintiff is a citizen of North Carolina.

---

[1] "A minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2).

(b)     The Defendant is a citizen of the Republic of Panama and the state of Florida, as it is a corporation incorporated under the laws of Panama, and as its principal place of business is in Florida.

(c)     The amount in controversy, without interest and costs, exceeds $75,000.

5.      Although the saving-to-suitors clause gives the Plaintiff the right to file this case in state court where the Plaintiff would have a constitutional right to a jury trial, and although the Plaintiff wanted to exercise that right and file this case in state court, she has been forced to file in federal court instead because the Plaintiff's cruise ticket contains a forum-selection clause that requires actions such as this to be filed in the United States District Court in Miami, Florida.

## C. Rule 9(h)(1) Designation: Diversity-of-Citizenship

6.      Because the Plaintiff's accident occurred on a ship sailing in navigable waters and because the ship was engaged in an activity–pleasure cruising–bearing a substantial relationship to traditional maritime activity, the Plaintiff's claim for relief falls within the admiralty or maritime jurisdiction and is governed by the general maritime law. But the claim also falls within the court's subject-matter jurisdiction on diversity-of-citizenship grounds (see paragraph 4, above), so the Plaintiff designates this claim as one brought at law under the court's diversity-of-citizenship jurisdiction. (Nevertheless, this claim is still governed by the general maritime law.)

## D. One Count of Negligence:
### Chlorine Gas Poisoning at Ship's Swimming Pool

7.      On or about January 21, 2023, the Eason family, including the Plaintiff, A.E., a minor—then age 9—set sail from Port Canaveral, Florida, on a five-day Eastern Caribbean cruise on the *Carnival Freedom*, a cruise ship owned and operated by the Defendant.

8.      On the fifth day of the cruise, January 25, while the *Freedom* sailed in navigable waters, the Easons headed to one of the ship's swimming pools—the "Timeless Pool."

9.      Within minutes of A.E.'s jumping into the pool, A.E. noticed an overpowering odor of what seemed to be chlorine, and before she could get out of the pool her throat and eyes started burning and she began to cough uncontrollably. She was also showing signs of cyanosis.

10. At the same time, other children and adults around the pool began to experience similar symptoms and began to cough uncontrollably. A ship's nurse rushed to the pool in response to 911 calls about the gas.

11. A.E.'s parents quickly got A.E. out of the pool and rushed her to the ship's infirmary where A.E. continued to struggle to breathe. The treating doctor at the ship's infirmary noted that A.E.'s "swimsuit has strong smell of chlorine," and she diagnosed A.E. with "chlorine gas inhalation."

12. After A.E. was treated with a nebulizer and was administered diphenhydramine, her airways opened and her breathing normalized enough for her to be discharged that same day.

13. In the year that has passed since this gas poisoning, A.E. has continued to suffer from respiratory problems caused by this gas poisoning, and she continues to be treated for it.

14. As a result of this chlorine-gas poisoning at Carnival's pool, A.E. suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation or a previously existing condition. The losses are either permanent or continuing and A.E. will suffer these losses in the future.

15. This chlorine-gas poisoning happened because the Carnival crewmember assigned to keep the Timeless Pool's chlorine at a balanced and healthy level added too much chlorine to the water, or took some other action that caused the chlorine concentration to rise to a hazardous level.

16. Carnival owed A.E. and all its passengers a duty of reasonable care throughout this cruise.

17. When Carnival's employee added too much chlorine to this pool, he or she created a hazardous condition, and his or her actions constituted a breach of the duty of reasonable care.

18. When that employee added too much chlorine to the Timeless Pool, he or she was acting within the course and scope of their employment with Carnival, so Carnival is vicariously liable for their negligence under the respondeat-superior doctrine.

19.    All conditions precedent have occurred or been performed.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000 in damages, and costs, and the Plaintiff demands a jury trial.

Dated: January 22, 2023

Respectfully submitted,
David W. Singer (Florida Bar No. 306215)
dsingeresq@aol.com
Peter G. Walsh (Florida Bar No. 970417)
pwalsh@1800askfree.com
David W. Singer & Associates, PA
1011 South Federal Highway
Hollywood, FL  33020
954-920-1571
Attorneys for the Plaintiff, A.E.