UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-20274-GAYLES/Louis

KAREN EASON, as mother and
next friend of A.E., a minor,

     Plaintiff,

Vs.

CARNIVAL CORPORATION,

     Defendant

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVES DEFENSES

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint [ECF No. 1], and states as follows*:

### A.  Summary of Case

1. Admitted this action is being brought by a cruise-ship passenger; the remainder is denied.

2. Denied as a legal conclusion.

3. Denied as a legal statement.

### B.  Basis for Jurisdiction and Venue

4. Without knowledge regarding the citizenship of Plaintiff, therefore denied.

5. Admitted for purposes of this litigation that this Court has jurisdiction.

### C.  Rule 9(h)(1) Designation: Diversity-of-Citizenship

6. Admitted general maritime law applies.

**D.  One Count of Negligence:**
**Chlorine Gas Poisoning at Ship's Swimming Pool**

7.      Admitted.

8.      Admitted.

9.      Without knowledge, therefore denied.

10.     Denied.

11.     Denied as phrased.

12.     Admitted.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Admitted Carnival owes a duty of reasonable care.

17.     Denied.

18.     Denied.

19.     Denied.

*       Any allegation not specifically admitted to is hereby denied.

## AFFIRMATIVE DEFENSES

A.      This action is governed by and subject to the terms, limitations and conditions contained with the Plaintiff's Passenger Ticket Contract.

B.      Plaintiff's damages were caused or exacerbated as a result of intervening and superseding factors that are independent of any fault of Defendant and which were not reasonably foreseeable to it.

C.      Plaintiff did not exercise ordinary care, caution or prudence for her own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and

proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which Defedant expressuly denies.

D.      Plaintiff has a duty to mitigate the losses or damages claimed against Defendant and failed to do so.

E.      Plaintiff was negligent and therefore the recovery of damages in this case must be apportioned and reduced in proportion to the share of negligence attributable to the Plaintiff.

F.      Plaintiff failed to seek timely medical treatment for her condition which caused and/or exacerbated her damages and/or failed to follow instructions, follow up, participate in, or attend subsequent medical care and treatment which has delayed/negatively affected her recovery.

G.      This action is barred in whole or in part by the applicable statute of limitations.

H.      Plaintiff's damages, if any, were solely and proximately caused by an intervening and/or superseding medical condition or event, which was not itself the result of any negligence on the part of this Defendant, and, accordingly, recovery against this Defendant must be denied.

I.      The Plaintiff's damages were the result of a pre-existing injury/condition. Assuming, *arguendo*, that any pre-existing mental or physical injury or illness was aggravated by the alleged incident herein, for which this Defendant expressly denies any responsibility, the Plaintiff is only entitled to reimbursement for the degree of aggravation and any and all recovery obtained herein must be reduced to the percentage of aggravation which the Plaintiff allegedly suffered as a result of the subject incident.

J.      The Plaintiff's damages were caused in whole or in part by the action and/or inaction of third parties for whom this Defendant is not responsible for, including but not limited to any and all healthcare providers who rendered treatment to Plaintiff before the subject cruise and/or after the subject cruise.

Discovery in this matter is ongoing and Defendant reserves the right to amend and/or add affirmative defenses that appear to be supported by the evidence.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Cooper Jarnagin*
    Michael J. Drahos
    Florida Bar No. 0617059
    michael.drahos@gray-robinson.com
    W. Cooper Jarnagin
    Florida Bar No. 117767
    cooper.jarnagin@gray-robinson.com
    Ashley Genoese
    Florida Bar No. 1019357
    ashley.genoese@gray-robinson.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Cooper Jarnagin*

**SERVICE LIST**
**CASE NO. 24-CV-20274-DPG**

Peter G Walsh
David W. Singer & Associates, P.A.
1011 South Federal Highway
Hollywood, FL 33020
954-920-1571
Fax: 954-926-5746
Email: pwalsh@1800askfree.com

David W. Singer
David W Singer & Associates PA
1011 S Federal Highway
Hollywood, FL 33020
954-920-1571
Fax: 954-926-5746
Email: dsingeresq@aol.com

*Attorneys for Plaintiff*